UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VICTOR AMEZWA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CAUSE NO. 3:07-CV-176-AS |
| | ) |
| ELKHART COUNTY SHERIFF, | ) |
| | ) |
| Respondent. | ) |

### *OPINION AND ORDER*

Victor Amezwa, a *pro se* prisoner, filed a habeas corpus petition seeking to challenge his ongoing criminal proceedings in the Elkhart Superior Court under cause number 20D03-0504-FA-64.

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted). Here, Mr. Amezwa has not even been convicted. As such he has not yet fully presented and litigated his claims in the trial court. Until he has properly presented his claims to the Indiana Supreme Court, he has not exhausted his state remedies and this claim will be dismissed without prejudice.

>If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

For the foregoing reasons, the **DISMISSES** this petition **WITHOUT PREJUDICE** because the claims have not been exhausted in state court.

**IT IS SO ORDERED.**

**ENTERED: April 24, 2007**

                                                **S/ ALLEN SHARP**
                                                **ALLEN SHARP, JUDGE**
                                                **UNITED STATES DISTRICT COURT**